IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| FRITZ ANDERSON, | ) | Cause No. CV 08-07-BLG-RFC-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION OF |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| BRETT KRUGER and | ) | TO DISMISS COMPLAINT |
| ADAM VANDERBOSCH | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter comes before the Court on Plaintiff's Complaint filed pursuant to 42

U.S.C. § 1983. (Court's Doc. No. 2).

I. **STATEMENT OF THE CASE**

A. **JURISDICTION**

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 seeking to recover for

alleged violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the

United States Constitution.  Accordingly, the Court has federal question jurisdiction

pursuant to 28 U.S.C. § 1331.

## B. PARTIES

Plaintiff is a pro se federal prisoner who has been granted permission to proceed in forma pauperis in this matter.  Plaintiff is incarcerated at the Yellowstone County Detention Facility in Billings, Montana.

Plaintiff has named Brett Kruger and Adam Vandenbosch as Defendants.

## C. ALLEGATIONS

Plaintiff's allegations stem from his arrest on February 23, 2007, at his girlfriend's house in Billings, Montana.  He alleges that evidence was secured by an unreasonable search because the officers had no warrant and no probable cause.  He also contends that there was no warrant and no probable cause to arrest him on that date.  He alleges that no valid grounds existed for his arrest and seizure without a warrant and without exigent circumstances.  He also complains that there was no knock and announce prior to breaking into the dwelling.  Finally, he alleges that he was interrogated even though he asked to speak to an attorney.

## II. PRELIMINARY SCREENING OF THE COMPLAINT

### A. STANDARD

Because Plaintiff is a prisoner proceeding in forma pauperis, his Complaint must be screened under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, which impose a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity

[and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 550 U.S. ____, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80

(1957))).

Additionally, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## B. Analysis

Plaintiff's Complaint is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In that case, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the

issuance of a habeas writ, or expunged. Id.

On June 6, 2008, Plaintiff was convicted of federal drug charges stemming from his February 23, 2007, arrest. (See Criminal Action No. 07-CR-00015-BLG-RFC).[1]  In that criminal case, Plaintiff attempted to challenge the validity of the search of his residence and his February 23, 2007, arrest with a Motion to Suppress.  On January 17, 2008, Judge Cebull denied Plaintiff's Motion to Suppress with the following ruling:

> Finally, when his motion was initially filed, Anderson challenged the February 23, 2007 search of his residence. At that time, Anderson had apparently not received the warrant authorizing that search in discovery because although he admitted that he consented to a search of his 2002 Jeep Liberty, he claimed he did not consent to the search of his house. During the hearing, it was established that Anderson was served with a search and a federal arrest warrant on that day and that the search of Anderson's home was conducted pursuant to that properly executed search warrant. It was also established that the search warrant did not provide for a search of the Jeep, but that Anderson consented to its search. In his post-hearing brief, Anderson concedes his attack at this search must be directed at the validity of the search warrant, but does not offer any such arguments.

(Criminal Action No. 07-CR-00015-BLG-RFC, Court's Doc. No. 70, pp. 10-11).

Any finding that Plaintiff's arrest or the search of his residence were unconstitutional would necessarily imply the invalidity of Plaintiff's conviction.  As Plaintiff's conviction has not been reversed, declared invalid, expunged, or called into question, he cannot challenge his arrest or the search with a civil action filed pursuant to 42 U.S.C. § 1983.  Thus, Plaintiff has failed to state a claim upon which relief may be

---

[1]A court may take judicial notice of its own as well as other courts' records.  See, e.g., Rand v. Rowland, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); Zolg v. Kelly (In re Kelly), 841 F.2d 908, 911 n.1 (9th Cir. 1988).

granted.  This is not a defect which could be cured by amendment.  Accordingly, Plaintiff's Complaint should be dismissed.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court designates this case as a "strike" under this provision because Plaintiff's allegations fail to state a claim.  For this same reason, the Court will certify that any appeal of this matter would not be taken in good faith.  That is, the issues raised in this matter are frivolous.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

1.  Plaintiff's Complaint (Court's Doc. No. 2) should be **DISMISSED.**

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Plaintiff's claims are so frivolous that no reasonable person could suppose that an appeal would have merit.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 16th  day of September, 2008.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge